# SECOND REPORT OF APPARENT VIOLATION OF PRETRIAL RELEASE CONDITIONS

**Defendant**: Waylon Young Bird

**Address:** Mandan, ND

**CR #:** 0869 3:18CR30061

**Date Bond Set:** 05/17/2018

**Judicial Officer:** Mark A. Moreno, U.S. Magistrate Judge

**Type of Bond:** Personal Recognizance

**Conditions of release (list only those relative to apparent violation):**

(1) Defendant shall not violate any federal, state or local (including tribal) law while on release in this case.

(7)(a) Defendant shall submit to supervision by and report for supervision to the Probation Office or supervising officer as directed.

(7)(g) Defendant shall not use or unlawfully possess a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(h) Defendant shall submit to testing for prohibited substances if required by the Probation Office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

**Description of apparent violation(s):**

On 11/08/2018 the North Dakota probation office conducted an unannounced home contact with the defendant where they smelled an odor of marijuana and observed a marijuana plant in the residence. The defendant appeared to under the influence. The defendant was directed to report to the probation office by 8:00 a.m. on 11/09/2018.

On 11/09/2018 the defendant reported to ND USPO Bobby Wiseman at 9:00 a.m. and admitted he grew the marijuana plant himself but denied use. He indicated he had the plant with anticipation of voters passing Measure 3 (ND recreational marijuana); however, it did not. The defendant indicated the smell of marijuana was because his mother, friend, and he had just "smudged" prior to the officers arriving. When confronted about odor being that of marijuana, the defendant admitted a friend smoked marijuana in the kitchen before officers arrived. Due to his medical condition, the probation office informed the defendant to submit a drug test at his dialysis

appointment the next day and to bring the results of the drug test on 11/12/2018 by 10:00 a.m.

On 11/14/2018 the ND probation office indicated they had not received any drug test results. The defendant reported he submitted a blood test on 11/12/2018 but had not picked up the results. The ND probation office later had contact with the defendant's social worker at the medical facility who indicated the defendant did not submit a blood test.

**Summary of defendant's response to supervision (prior to apparent violation):**

The defendant has been on pretrial supervision since 05/17/2018, and this is the second report of apparent violation of pretrial release conditions. The first report filed on 08/10/2018 alleged the defendant was arrested for Possession of Marijuana, Possession of Paraphernalia and Hindering Law Enforcement. The defendant and Government agreed to a sanction of three days in custody, scheduled around his dialysis treatment. This custody sanction was served in Bismarck, ND.

**Summary of PO's efforts to locate if defendant appears to have fled:**

Not applicable

**PO's recommendation (e.g., continue supervision, detention, modification, etc.):**

The defendant has a hearing scheduled for 11/15/2018 to address issues with location monitoring that were noted to the Court in a memorandum. The defendant had a previous violation alleging possession of marijuana, consistent with allegations included in this report. The defendant has continued to be noncompliant. It is respectfully recommended the defendant answer to these allegations while appearing in court to address the issues with location monitoring. If the defendant is to remain on pretrial release it is recommended the location monitoring condition be removed and he be required to report to the probation office for weekly face-to-face contact. If location monitoring is continued, it is recommended he be allowed to comply with radio frequency, not GPS technology, to eliminate battery alerts.

I declare under penalty of perjury that the foregoing is true and correct.


_____     11/15/2018
Melisa Forest
U.S. Probation & Pretrial Services Officer
U.S. Probation & Pretrial Services Office
225 S. Pierre Street, Ste 318
Pierre, SD 57501
(605) 945-4671
melisa_forest@sdp.uscourts.gov