UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WAYLON YOUNG BIRD,<br><br>Defendant. | 3:18-CR-30061-RAL<br><br>OPINION AND ORDER DENYING MOTION FOR SENTENCE ADJUSTMENT |

**I.    Background**

A federal grand jury indicted Waylon Young Bird (Young Bird) on one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and one count of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Doc. 1. Young Bird pleaded not guilty, and this Court presided over his jury trial. On April 4, 2019, a jury found Young Bird guilty of both counts charged in the indictment. Doc. 122.

At Young Bird's sentencing on May 14, 2019, this Court considered the statutorily defined mandatory minimum and maximum sentences on each count of conviction and analyzed the sentencing factors found in 18 U.S.C. § 3553(a) as they applied to Young Bird. Doc. 150. This Court determined that a sentence of 136 months on each count to run concurrently followed by five years of supervised release was sufficient but not more than necessary. Id.

1

Young Bird now has filed a pro se motion with this Court for a sentence adjustment, citing his medical condition and two sentences this Court recently imposed on other defendants as justification. Doc. 172. Pursuant to Standing Order 20-06 issued in light of the COVID-19 pandemic affecting the United States, the Federal Public Defender filed a supplement to Young Bird's pro se motion which seeks compassionate release. Doc. 182. The Government filed a response opposing the motion, Doc. 184, and Young Bird's counsel has replied, Doc. 187. The matter is now fully submitted.

Young Bird is currently incarcerated at a federal medical facility in Springfield (Springfield MCFP), and his calculated release date is July 23, 2028. See Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last checked May 31, 2020). He is fifty-one years old and suffers from numerous health problems, including diabetes, stage-five chronic kidney disease, hypertension, asthma, and hyperlipidemia. Docs. 136 at 17; 178 at 3–5. Young Bird receives treatment for his ailments at Springfield MCFP but has on multiple occasions refused treatment recommended by the facility's medical staff. Doc. 178 at 987, 995, 996, 999, 1000, 1007, 1011, 1022, 1029, 1037, 1076, 1080, 1116, 1550, 1571, 1585, 1595, 1603, 1604. Due to the risk of COVID-19, the Bureau of Prisons (BOP) has taken steps to mitigate the spread of the disease. See Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp. There have not yet been any confirmed cases of COVID-19 at Springfield MCFP. See Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last checked May 31, 2020).

## II.     Legal Standard for Sentence Reduction

As an initial matter, a "court may not modify a term of imprisonment once it has been imposed," except in a few, narrowly defined circumstances. 18 U.S.C. § 3582(c). The compassionate release statute as amended by the First Step Act of 2018, places some procedural

2

requirements on when a court may consider such motions. Under the compassionate release statute,

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g).

18 U.S.C. § 3582(c)(1). Section 3582(c) also allows for the modification of an imposed term of imprisonment if such modification is expressly allowed by statute or by Rule 35 of the Federal Rules of Criminal Procedure, or if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)–(2). After reviewing Young Bird's sentencing materials and the materials submitted in support and opposition to this motion, none of these conditions currently warrants a sentence reduction in Young Bird's case.

### III. Discussion

#### A. Compassionate Release

The Director of the Bureau of Prisons has not brought a motion on Young Bird's behalf, and Young Bird's initial pro se motion did not mention any attempt to exhaust his administrative

3

rights. Doc. 172. However, subsequent filings related to this motion have revealed that Young Bird did request the warden of his institution for an adjustment to his sentence on three separate occasions. Docs. 178 at 1-2, 182-1, 182-2. The first was submitted in November of 2019, before the COVID-19 pandemic was on the global radar, and sought a sentence reduction based on Young Bird's medical conditions and the quality of care he had been receiving. Doc. 178 at 1-2. That request was denied on November 22, 2019. Young Bird's second request to the warden asked for consideration for home confinement on April 17, 2020, and it cited his concerns relating to COVID-19. Doc. 181-1. The warden's response denying that request stated that Young Bird would not be considered for home confinement under the CARES Act at that time because he was not characterized as "minimum risk." Doc. 182-1. Young Bird's third request was submitted to prison staff on May 8, 2020, and to this Court's knowledge has not yet received a response. Doc. 182-2.

Two of Young Bird's requests have been submitted more than thirty days ago and were denied by the warden of his institution. Some courts have read the compassionate release statute's provision allowing a court to consider a motion brought by a defendant after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," to mean that such motion may be brought if thirty days have passed without a response from the warden. See United States v. Mondaca, No. 89-CR-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) ("Because more than 30 days have passed without a response from the warden, the Court has jurisdiction to hear the motion."); United States v. Brown, 411 F. Supp.3d 446, 452 (S.D. Iowa Oct. 8, 2019) ("Exhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it."); United States v. Moravetz, 4:18-cr-40117-KES, Doc. 231 (D.S.D. April 27, 2020) ("[A]n inmate can [bring] a motion for compassionate release directly to

4

the court if the Bureau of Prisons does not act on an inmate's compassionate release motion within 30 days of receipt of the motion, or if the inmate has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the inmate's behalf (whichever is earlier).") Other courts however have interpreted the thirty day provision to allow Courts to act on a defendant's motion thirty days after a warden receives a reduction in sentence request, even if the warden has denied it and the defendant has not made any attempts to appeal that decision administratively. See United States v. Brown, 4:05-CR-00227-1, 2020 WL 2091802, at *3 (S.D. Iowa Apr. 29, 2020) ("[T]he statute's plain text states only that thirty days must pass after the defendant requests compassionate release from the warden. No more, no less."); United States v. Spears, No. 98-0208-SI-22, 2019 WL 5190877, at *3 (D. Or. Oct. 15, 2019) (finding that the court could rule on a reduction in sentence motion thirty days after the Bureau of Prisons received a request from the defendant, even though the BOP responded to the request before the thirty days had elapsed).

The Government argues that neither of the Young Bird requests to the warden submitted more than thirty days ago satisfy the exhaustion requirement. According to the Government, Young Bird's November request cannot satisfy the thirty-day exhaustion requirement because it did not raise the issue of COVID-19 and his April request does not qualify because it requests home confinement under the CARES Act rather than a sentence reduction under 18 U.S.C. 3582(c)(1)(A). Young Bird's reply brief does not argue that his April request to the warden satisfies the exhaustion requirement. Rather, Young Bird relies on his November request to meet this requirement. The question of whether prior requests for a reduction in sentence may satisfy the exhaustion requirement has also produced conflicting answers in the district courts. Compare United States v. Jenkins, 4:15-CR-3079, 2020 WL 1872568, at *1 (D. Neb., Apr. 14, 2020)

5

("Simply put, the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first."), with Brown, 2020 WL 2091802, at *4-5 (S.D. Iowa, Apr. 29, 2020) (finding that the compassionate release statute did not require the reasons presented to the warden be the same as those presented to the district court and that a defendant may raise new arguments to the court, "including a sudden, global pandemic"). This Court need not address this issue however, because the basis of Young Bird's motion has been presented to and considered by the warden of his facility. Young Bird's pro se motion filed with this Court requested compassionate release based on the same health conditions discussed in his November request to the warden of his institution. Docs. 172, 178 at 1. Although Young Bird did not mention COVID-19, the pandemic now serves as a consideration relative to the health conditions raised in the request when evaluating whether "extraordinary and compelling reasons" warrant a sentence reduction.

As an initial matter, Young Bird does not qualify for release based on 18 U.S.C. § 3582(c)(1)(A)(ii) because he does not meet its objective criteria. Young Bird is currently 51 years old, not the requisite 70, and was only sentenced to 136 months' imprisonment, a far cry from serving at least 30 years as required by § 3582(c)(1)(A)(ii). Therefore, under the compassionate release statute, Young Bird's only avenue for relief is if "extraordinary and compelling reasons warrant such a [sentence] reduction" after a consideration of the sentencing factors found in 18 U.S.C. § 3553(a) and the applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

At Young Bird's sentencing hearing, this Court considered the sentencing factors listed in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). This Court took note of Young Bird's

6

physical ailments when imposing a sentence within the applicable guideline range and recommended that he be evaluated for possible placement in a federal medical center. Doc. 143. Young Bird's sentence of 136 months imprisonment was appropriate.

This Court next considers whether "extraordinary and compelling reasons" justify a reduction in sentence. Congress has not defined what constitutes "extraordinary and compelling reasons," but has left it to the Sentencing Commission to promulgate such criteria and provide examples. 28 U.S.C. § 994(t). The Sentencing Commission set forth certain scenarios that would constitute "extraordinary and compelling reasons" in Federal Sentencing Guideline § 1B1.13. Those reasons include the defendant's terminal illness or debilitating physical or mental condition, the age of the defendant in combination with the proportion of his sentence served, and certain family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The Sentencing Commission also provided that other reasons may constitute extraordinary and compelling reasons for release "[a]s determined by the Director of the Bureau of Prisons." U.S.C.G. § 1B1.13 cmt. n.1(D). However, the Sentencing Commission has not updated these provisions since Congress passed the First Step Act which allowed courts to consider compassionate release motions brought by someone other than the Director of the BOP because the Sentencing Commission has not had a quorum. This has caused district courts to question whether the policy statement still applies, and specifically whether the courts may consider other reasons for release that have not been brought by the Director of the BOP. See Mondaca, 2020 WL 1029024, at *3 (discussing the discord among district courts); Spears, 2019 WL 5190877, at *3 (same); United States v. Brown, 411 F. Supp.3d at 449-50 (same). Several district courts considering the issue have determined that the discretion given to the Director of the BOP in § 1B1.13 comment note 1(D), also allows federal judges to consider "extraordinary and compelling reason[s] other than" those specifically described. United

7

States v. Condon, No. 3:12-cr-00091-10, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (listing cases that found federal judges may apply the catch-all provision of U.S.S.G. § 1B1.13 comment note 1(D)).

There is no doubt that the effects the global COVID-19 pandemic has had on the country and the world are extraordinary. It has changed the way businesses operate and how people interact with one another, and there is currently no telling the long-lasting effects it will have on society. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The question then becomes whether Young Bird's physical conditions which make him more susceptible to complications if he contracts COVID-19 justify compassionate release. Researchers have found that ailments like diabetes and chronic kidney disease put individuals suffering from them, like Young Bird, at higher risk of complications if they contract COVID-19. Doc. 182-4. However, there is still much that is unknown about how this virus affects individuals, and this Court cannot say to what extent Young Bird's life is threatened by the existence of COVID-19. Additionally, Young Bird receives care at Springfield MCFP, and the BOP has taken precautions to protect him and his fellow inmates. Based on the information before this Court, "extraordinary and compelling reasons" do not exist at this time to justify reducing Young Bird's sentence to time served, and release of Young Bird so early from his sentence would not be "sufficient" under the sentencing factors found in 18 U.S.C. § 3553(a).

B. Other Possible Grounds for Sentence Reduction

Neither of the other grounds under which a court may modify a term of imprisonment once imposed justifies a sentence reduction in Young Bird's case. Section 3582(c) allows a sentence modification if it is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure or if the defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Rule 35 of the Federal Rules of Criminal Procedure only permits a sentence reduction upon the motion of the Government which has not occurred in this case, Fed. R. Crim. P. 35, this Court is not aware of any other statutory grounds authorizing a modification, and Young Bird's sentencing range has not subsequently been lowered by the Sentencing Commission. Therefore, Young Bird's motion for consideration of a sentence adjustment based on any of these grounds must be denied at this time.

### C. Young Bird's Sentencing Disparity Argument

Young Bird's pro se motion raised the argument that two recent sentences handed down by this Court suggest that his sentence is an unwarranted disparity. When imposing Young Bird's sentence, this Court considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Young Bird's conviction of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine carries a mandatory minimum sentence of 120 months' imprisonment and a maximum penalty of life in prison. 21 U.S.C. §§ 846, 841(b)(1)(A). Young Bird was also convicted of possession of a mixture or substance containing a detectable amount of methamphetamine which carries a maximum penalty of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C). Young Bird cites the sentences of two other defendants—both of whom plead guilty only to possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine and aiding and abetting which

carries a maximum penalty of twenty years' imprisonment and no mandatory minimum—to argue that his sentence is too harsh. Doc. 172. Young Bird's argument neglects to note the differing counts of conviction, the differing statutory penalties, Young Bird's lack of acceptance of responsibility, and the differing amounts of methamphetamine related to the counts of conviction. Based on these significant factors, the conduct of those defendants was not similar to Young Bird's conduct. Young Bird's sentence is not an unwarranted sentencing disparity from the sentences of others convicted of similar conduct.

For good cause, it is hereby

ORDERED that Young Bird's Motion for Consideration of Sentence Adjustment, Doc. 172, is denied.

DATED this 3rd day of June, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE